UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

_____

| | |
|---|---|
| ADRIAN CARLTON #160330, ) | |
| ) | |
| Plaintiff, ) | Case No. 2:05-cv-21 |
| ) | |
| v. ) | HON. ROBERT HOLMES BELL |
| ) | |
| LINDA JONES, et al., ) | |
| ) | **OPINION** |
| Defendants. ) | |
| ) | |

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The court has granted Plaintiff leave to proceed *in forma pauperis*, and Plaintiff has paid the initial partial filing fee. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996) ("PLRA"), the court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 42 U.S.C. § 1997e(c); 28 U.S.C. §§ 1915(e)(2), 1915A. The court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 595 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33, 112 S. Ct. 1728, 1733 (1992). Applying these standards, the court will dismiss Plaintiff's complaint for failure to state a claim.

**Discussion**

I.      Factual Allegations

Plaintiff Adrian Carlton, an inmate at the Baraga Maximum Correctional Facility (AMF), filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against Defendants Accounting Assistant Linda Jones and Case Manager Randy LaLonde. Plaintiff alleges in his complaint that he filed a notice of appeal in *Carlton v. Smith, et al.*, Case No. 2:04-cv-68 (W.D. Mich. 2004), and was given a due date of August 9, 2004, for filing his appellate brief. In addition, Plaintiff was notified on July 23, 2004, that he must either pay the entire appellate filing fee of $255.00 or apply to proceed *in forma pauperis* by filing an affidavit and a certified copy of his prison account statement. Plaintiff was also informed that if he did not comply with the deficiency order within 30 days, his appeal could be dismissed for lack of prosecution.

Plaintiff states that on July 14, 2004, he completed his appellate brief and notified Defendant Jones that he needed a certified copy of his prison account statement in relation to the pending appeal. Plaintiff informed Defendant Jones that he had a Sixth Circuit deadline of August 9, 2004. Plaintiff received a copy of his financial documents for use in an appeal in a different case, *Carlton v. Luoma, et al.*, Case No. 2:04-cv-162 (W.D. Mich. Oct. 21, 2004), but did not receive the documents to apply to proceed *in forma pauperis* in Case Number 2:04-cv-68. On July 27, 2004, Plaintiff told Defendant LaLonde that he still needed his financial documents in order to appeal in Case Number 2:04-cv-68. On July 30, 2004, Plaintiff again addressed this issue with Defendant LaLonde, who told him that he had mentioned this to Defendant Jones in passing and that Defendant Jones had 15 days to respond to Plaintiff's request. Plaintiff stated that he did not have 15 days. On August 2, 2004, Plaintiff forwarded correspondence to Defendants Jones and LaLonde, and on

August 3, 2004, Plaintiff filed a grievance on Defendant LaLonde for failing to help Plaintiff get his certified account statement from Defendant Jones in a timely manner. On August 4, 2004, Plaintiff filed a third grievance against Defendant Jones, complaining of the continued refusal to provide him with needed financial documents. On August 5, 2004, Plaintiff spoke to Defendant LaLonde, who stated that it was not his responsibility to help prisoners to obtain financial documents from the accounting office. Plaintiff responded that Defendant LaLonde was his Case Manager, so he should help him to obtain needed documents. Plaintiff alleges that in her grievance response, Defendant Jones denied ever receiving any kites from Plaintiff. Plaintiff showed Defendant LaLonde the kite that Defendant Jones had returned to him, and Defendant LaLonde stated, "Maybe its all those grievances you been writing and maybe if you stop threatening to sue everybody people probably would respond to you differently." Defendant LaLonde also stated, "People take threats of being sued personal, I know I do, wouldn't you?"

       Plaintiff claims that on August 10, 2004, Defendant LaLonde interviewed Plaintiff regarding his grievance, and Plaintiff told him that his court deadline had already passed. Defendant LaLonde replied "I guess U.R.F." Plaintiff asked what he meant, and Defendant LaLonde walked away. Plaintiff continued to kite Defendant Jones for the financial documents and on August 25, 2004, Plaintiff received the requested documents.

       Plaintiff claims that Defendants Jones and LaLonde violated Plaintiff's right of access to the courts, as well as his due process rights. Plaintiff seeks damages and declaratory relief.

II.     Failure to state a claim

A complaint fails to state a claim upon which relief can be granted when it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations of the complaint. *Jones v. City of Carlisle*, 3 F.3d 945, 947 (6th Cir. 1993), *cert. denied*, 510 U.S. 1177, 114 S. Ct. 1218 (1994). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48, 108 S. Ct. 2250, 2255 (1988); *Street v. Corrections Corp. of America*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271, 114 S. Ct. 807, 811 (1994).

It is well established that prisoners have a constitutional right of access to the courts. *Bounds v. Smith*, 430 U.S. 817, 821 (1977). The principal issue in *Bounds* was whether the states must protect the right of access to the courts by providing law libraries or alternative sources of legal information for prisoners. *Id.* at 817. The Court further noted that in addition to law libraries or alternative sources of legal knowledge, the states must provide indigent inmates with "paper and pen to draft legal documents, notarial services to authenticate them, and with stamps to mail them." *Id.* at 824-25. An indigent prisoner's constitutional right to legal resources and materials is not, however, without limit. In order to state a viable claim for interference with his access to the courts, a plaintiff must show "actual injury." *Lewis v. Casey*, 518 U.S. 343, 349 (1996); *see also Talley-Bey v. Knebl*, 168 F.3d 884, 886 (6th Cir. 1, 1999); *Knop v. Johnson*, 977 F.2d 996, 1000 (6th Cir. 1992), *cert. denied*, 507 U.S. 973 (1993); *Ryder v. Ochten*, No. 96-2043, 1997 WL 720482, *1-2 (6th Cir.

Nov. 12, 1997). In other words, a plaintiff must plead and demonstrate that the shortcomings in the prison legal assistance program or lack of legal materials have hindered, or are presently hindering, his efforts to pursue a nonfrivolous legal claim. *Lewis*, 518 U.S. at 351-353; *see also Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996).

To state a claim, an inmate must show that any shortcomings in the library, litigation tools, or legal assistance caused actual injury in his pursuit of a legal claim. *Lewis*, 518 U.S. at 351; *Talley-Bey*, 168 F.3d at 886; *Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir. 1996); *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996); *Walker v. Mintzes*, 771 F.2d 920, 932 (6th Cir. 1985). An inmate must make a specific claim that he was adversely affected or that the litigation was prejudiced. *Vandiver v. Niemi*, No. 94-1642, 1994 WL 677685, at *1 (6th Cir. Dec. 2, 1994). Particularly, an inmate cannot show injury when he still has access to his legal materials by request, *Kensu*, 87 F.3d at 175, when he fails to state how he is unable to replicate the confiscated documents, *Vandiver*, 1994 WL 677685, at *1, or when he could have received the material by complying with the limits on property, e.g., where he had the opportunity to select the items that he wanted to keep in his cell, or when he had an opportunity to purchase a new footlocker that could hold the property. *Carlton v. Fassbender*, No. 93-1116, 1993 WL 241459, at *2 (6th Cir. July 1, 1993).

In this case, Plaintiff claims that Defendants' failure to provide him with financial documents resulted in the dismissal of his appeal in Case Number 2:04-cv-68. However, a review of that case record reveals that Plaintiff's appeal was dismissed for failure to file his appellate brief by the deadline. (*See* the Sixth Circuit's August 24, 2004, order dismissing appeal in District Court Case No. 2:04-cv-68, docket #10.) Because Defendants' conduct did not prevent Plaintiff from filing an appellate brief in that case, they are not responsible for the dismissal of Plaintiff's appeal.

Therefore, Defendants did not cause "actual injury" to Plaintiff's pending litigation and his access to courts claim is properly dismissed.

Plaintiff also claims that the failure to provide him with the financial documents in a timely manner violated his due process rights. In all cases where a person stands to be deprived of his life, liberty or property, he is entitled to due process of law. This due process of law gives the person the opportunity to convince an unbiased decision maker that, for example, he has been wrongly or falsely accused or that the evidence against him is false. The Due Process Clause does not guarantee that the procedure will produce a correct decision. "It must be remembered that even if a state decision does deprive an individual of life, [liberty], or property, and even if that decision is erroneous, it does not necessarily follow that the decision violated that individual's right to due process." *Martinez v. California*, 444 U.S. 277, 284, n.9 (1980). "[T]he deprivation by state action of a constitutionally protected interest in "life, liberty or property" is not in itself unconstitutional; what is unconstitutional is the deprivation of such an interest *without due process of law*." *Zinermon v. Burch*, 494 U.S. 113, 125 (1990) (emphasis in original). In this case, Plaintiff's appeal was not dismissed because of Defendants' alleged misconduct. Plaintiff fails to allege any facts showing that the alleged misconduct deprived him of life, liberty or property. Therefore, his due process claims are properly dismissed.

## **Conclusion**

Having conducted the review now required by the Prison Litigation Reform Act, the court determines that Plaintiff's action fails to state a claim and will therefore be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2), 1915A(b); 42 U.S.C. § 1997e(c).

The court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the court dismisses the action, the court discerns no good-faith basis for an appeal. Should Plaintiff appeal this decision, the court will assess the $255 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $255 appellate filing fee in one lump sum.

This dismissal counts as a strike for purposes of 28 U.S.C. § 1915(g).

A judgment consistent with this opinion will be entered.


Date:     March 3, 2006                    /s/ Robert Holmes Bell
                                           ROBERT HOLMES BELL
                                           CHIEF UNITED STATES DISTRICT JUDGE